Marcus Sachs, Appellee, v. Charles F. Giesenschlag et al., on appeal of Charles F. Giesenschlag, Appellant.

Gen. No. 19,846.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914.

## Statement of the Case.

Action by Marcus Sachs against Charles F. Giesenschlag and others on an appeal bond. In a suit for an accounting between Marcus Sachs and Simon Sachs, copartners, a money decree in favor of the former was entered, and in default of payment thereof a receiver was appointed to hold the property until sold and disposed of under the orders of the court. An appeal taken by Simon Sachs from the decree having been dismissed, this suit was brought upon the appeal bond. To the cause of action it was pleaded below that the receiver took possession of property belonging to Simon Sachs sufficient in value to pay the decree, costs and interest, and that said decree gave plaintiff a first lien thereon. From a judgment entered against the defendant Charles F. Giesenschlag, one of the sureties on the bond, he appeals.

It is contended on appeal that the possession of the receiver under the circumstances was a satisfaction *sub modo* the same as a levy by virtue of an execution on property sufficient to satisfy the judgment upon which it is issued.

CHARLES DANIELS and SUMNER C. PALMER, for appellant.

SILBER, ISAACS, SILBER & WOLEY, for appellee; CLARENCE J. SILBER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1855*—*undertaking of sureties on appeal bond.* Sureties on an appeal bond are bound by the terms of the bonds and must pay upon the occurrence of the contingencies upon which they agreed to pay.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 1864*—*what not a defense by surety on appeal bond.* A surety on an appeal bond, where the appeal was dismissed, cannot in a suit on the bond interpose the defense that the decree appealed from was satisfied by reason of the fact that a receiver appointed by the court below took possession of sufficient property of the obligor to pay the decree, costs and interest.

3. SUBROGATION, § 30*—*right of surety on appeal bond.* A surety on an appeal bond who is required to pay the amount of the judgment, costs, etc., is entitled to be subrogated to the obligor's right *pro tanto* to funds in the hands of a receiver, who was appointed by the trial court to take possession of the obligor's property.